**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARY D. DAVIS,
                Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
PH-0353-10-0500-C-1

DATE: February 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul A. Bureau, Nashua, New Hampshire, for the appellant.

Anna V. Crawford, Esquire, Windsor, Connecticut, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review, and the agency has filed a cross petition for review of the compliance initial decision, which granted the appellant's petition for enforcement in this restoration appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petition for review or the cross petition for review. Therefore, we DENY the petition for review and the cross petition for review. Except as expressly MODIFIED to clarify the search terms as discussed herein, we AFFIRM the compliance initial decision.

## BACKGROUND

¶2      The appellant filed an appeal alleging that the agency improperly denied her request for restoration as a partially-recovered individual in April 2009 and discriminated against her on the basis of her disability. MSPB Docket No. PH-0353-10-0500-I-1, Initial Appeal File, Tab 1 at 4-8. On September 13, 2013, following a lengthy procedural history, the Board (Member Robbins dissenting), issued an Opinion and Order finding that the appellant had shown that the agency violated her restoration rights but that she failed to establish her claim of disability discrimination. *Davis v. U.S. Postal Service*, 120 M.S.P.R. 122, ¶¶ 12-13, 15-18 (2013) (located at MSPB Docket No. PH–0353–10–0500–B–1, Remand File, Tab 1). As a result, the Board ordered the agency to conduct a proper search for available tasks within the local commuting area retroactive to April 2009, and to consider the appellant for any suitable assignments during that time period consistent with its restoration obligations under the Employee and

Labor Relations Manual (ELM). *Davis*, [120 M.S.P.R. 122](#), ¶ 19. The Board ordered the agency to complete this action within 30 days and to pay any appropriate back pay within 60 days. *Id.*, ¶¶ 19-20.

¶3        On October 23, 2013, the appellant filed a petition for enforcement of the Board's Opinion and Order, MSPB Docket No. PH–0353–10–0500–C–1, Compliance File (CF), Tab 1, which the administrative judge granted on March 10, 2014, CF, Tab 9, Compliance Initial Decision (CID). The administrative judge found that the agency was required to conduct an appropriate search for available tasks within the local commuting area for the period of time between April and December 2009, when the appellant was approved for disability retirement. CID at 6. In that regard, she found that the Board ordered a search for available tasks, not positions, as alleged by the appellant. *Id.* She additionally found that the agency failed to submit evidence to support its contention that it had completed a legally sufficient search for tasks retroactive to April 2009, and she rejected the agency's argument that it only was required to search for work through November 10, 2009, the date the agency maintained it had completed an adequate search. CID at 6-7. As a result, the administrative judge found the agency in noncompliance and ordered it to submit documentation of the available tasks or work within the local commuting area that it searched for retroactive to April 2009 and, if any tasks were found, to restore the appellant with back pay and benefits. CID at 7-8.

¶4        On April 22, 2014, the agency moved for an extension of time to conduct the search. MSPB Docket No. PH–0353–10–0500–X–1, Compliance Referral File, Tab 1. The Office of the Clerk of the Board granted the extension until May 16, 2014. Compliance Referral File, Tab 2. On April 23, 2014, the appellant filed a timely petition for review of the compliance initial decision. Petition for Review (PFR) File, Tab 1. On review, the appellant alleges that the administrative judge erroneously limited the agency's obligations for conducting the retroactive search to the period from April 2009 until her retirement in

December 2009, rather than from April 2009 until the present day. *Id.* at 5-8. She further argues that the administrative judge erred in relieving the agency of the obligation to look for available positions in addition to available tasks. *Id.* at 5. The agency has filed a cross petition for review, arguing that it is not obligated to retroactively search for available work after November 10, 2009, and that it would satisfy its compliance obligations by paying appropriate back pay for the period from April to November 10, 2009. PFR File, Tab 7. Further, the agency claims that it has not had an opportunity to comply with the compliance initial decision because the appellant filed this petition for review. *Id.* at 6. The appellant has filed a response to the agency's cross petition for review. PFR File, Tab 13.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5        In its September 13, 2013 Opinion and Order, the Board ordered the agency to conduct a proper search for available tasks within the local commuting area retroactive to April 2009, and to consider the appellant for any suitable assignments during that time period consistent with its restoration obligations under ELM § 546 and EL–505, chapters 7 and 11. *Davis*, 120 M.S.P.R. 122, ¶ 19. The primary question on review is whether the administrative judge properly defined "that time period" when she found that the agency's obligations to conduct the search covered the period of time between April 2009, when the agency denied the appellant's request for restoration, and December 2009, when the appellant was approved for disability retirement. CID at 6; PFR File, Tabs 1, 7. For the reasons discussed below, we believe that the administrative judge reasonably defined the period of time within which the agency was required to conduct a retroactive search based on the specific facts and circumstances of the case and that neither the appellant nor the agency has set forth any basis to disturb this finding.

¶6        In her petition for review, the appellant argues that the administrative judge erred in relieving the agency of its obligation to search for available tasks after

she was approved for disability retirement. PFR File, Tab 1 at 4-6. She claims that her right to restoration under the ELM is ongoing and that her Board appeal constitutes a continuing request for restoration. *Id.* at 6-8. She argues therefore that, pursuant to the Board's order, the agency is obligated to perform its search from April 2009 through the present day. *Id.* We find the appellant's arguments unpersuasive.

¶7     In determining the proper remedy in this appeal, the Board held that, in cases where the denial of restoration was arbitrary and capricious for lack of a proper job search, the appropriate remedy is for the agency to conduct an appropriate search within the local commuting area "retroactive to . . . the date of the appellant's request for restoration, and to consider her for any suitable vacancies." *Davis*, 120 M.S.P.R. 122, ¶ 14. The Board noted that this remedy would suffice to correct the wrongful action and substitute it with a correct one based on an appropriate search, but would not put the appellant in a better position than the one she was in before the wrongful action occurred because it left open the possibility that the agency might still be unable to find appropriate tasks available as of April 2009. *Id.* Thus, the denial of restoration under consideration in this appeal is the denial that took place in April 2009 when the appellant bid on a "non-cons" Mail Handler position and the agency denied her request for reasonable accommodation in that position. *See id.*, ¶¶ 7, 12, 14. Therefore, even if the agency had a continuing obligation to make every effort to restore the appellant after her retirement as alleged by the appellant, any alleged denials of restoration that occurred after the April 2009 time period are not at issue in this appeal. *See, e.g.*, *Tram v U.S. Postal Service*, 120 M.S.P.R. 208, ¶¶ 9-10 (2013) (the Board rejected the appellant's claim that she was entitled to back pay from April 2009 through January 2013 because the denial of restoration at issue took place in April 2009 and because the agency established that there was no work available within the appellant's restrictions during the April 2009 time period, which, in this case, was April 9, 2009, through December 24, 2009,

when the agency performed a proper search). Given that the appellant was approved for disability retirement in December 2009, we find the administrative judge's finding regarding the relevant time period for conducting the retroactive search reasonable under the circumstances.[2] CID at 6.

¶8 In its cross petition for review, the agency noted that it was prepared to provide back pay to the appellant for the time period between April and November 10, 2009, to comply with the Board's order. PFR File, Tab 7 at 5. It argues, however, that it is not liable to provide back pay to the appellant beyond November 10, 2009, because it contends that it conducted a proper search for tasks on that date and that payment beyond that date would place the appellant in a better position than the one she was in before the April 2009 denial of restoration. *Id.* at 11-12. We similarly find the agency's arguments unpersuasive.

¶9 In the compliance initial decision, the administrative judge found that the agency's evidence was insufficient to show that it conducted a legally sufficient search for available tasks retroactive to April 2009. CID at 6. On review, the agency does not acknowledge the administrative judge's finding in this regard and thus has not attempted to explain why it believes the administrative judge's finding was erroneous. In any event, we have reviewed the record and agree with the administrative judge's finding that the agency failed to submit sufficient evidence to support its contention that it had completed a proper search on November 10, 2009. CID at 6-7; CF, Tab 7. Had the agency conducted a legally sufficient search on November 10, 2009, we would agree that it would have

[2] The appellant also argues that her acceptance of a disability retirement should not preclude her from exercising her right to restoration. PFR File, Tab 1 at 7-8. We agree. *See Burke v. U.S. Postal Service*, 46 M.S.P.R. 683, 686 (1991) (an appellant's election of disability retirement benefits does not preclude him from seeking restoration under 5 U.S.C. § 8151 and 5 C.F.R. Part 353), *overruled on other grounds by Hall v. Department of the Navy*, 94 M.S.P.R. 262 (2003). Nevertheless, we find that nothing in the Board's orders in this appeal in any way prevented the appellant from exercising her right to request restoration after retiring from the agency effective December 28, 2009.

fulfilled its requirement to conduct a proper search during the April 2009 time period. *See Tram*, [120 M.S.P.R. 208](#), ¶¶ 9-10. However, in the absence of a proper search completed prior to December 28, 2009, the administrative judge's conclusion that the agency was required to search for available tasks from April 2009 through the date of the appellant's retirement in order to comply with the Board's order was reasonable under the circumstances, and the agency has shown no basis to disturb it. CID at 6.

¶10 In the compliance initial decision, the administrative judge found that the Board ordered a retroactive search for available tasks but not available positions. CID at 6. In her petition for review, the appellant correctly argues that a proper search should include a search for available tasks and positions. PFR File, Tab 1 at 5; *see Latham v. U.S. Postal Service*, [117 M.S.P.R. 400](#), ¶¶ 12, 26 (2012). We therefore modify the compliance initial decision accordingly.[3]

## ORDER

¶11 We ORDER the agency to submit to the Clerk of the Board within 30 days of the date of this decision documentation of the available tasks and positions within the local commuting area that it searched for retroactive to the April 2009 time period; that is, between April and December 28, 2009. If the agency's retroactive search uncovers available work to which it could have restored the appellant, the agency is ORDERED in accordance with the Board's September 13, 2013 Order to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Postal Service Regulations and to submit documentation of any payments to the Clerk of the Board no later than 60 days after the date of this decision. The agency must serve all parties with copies of its submissions. If the agency has not fully complied, it must show cause why

---

[3] In her petition for review, the appellant appears to argue for the first time that the agency forced her to take disability retirement. PFR File, Tab 1 at 7. To the extent the appellant argues that her retirement was involuntary, she may file a separate appeal on that basis with the regional office.

sanctions, pursuant to 5 U.S.C. § 1204(a)(2) and (e)(2)(A) and 5 C.F.R. § 1201.183, should not be imposed.

**NOTICE TO THE APPELLANT**

You may respond to the agency's evidence of compliance within 15 days of the date of service of that evidence.  If you do not respond, the Board will assume you are satisfied and will dismiss the petition for enforcement as moot.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

<u>Discrimination and Other Claims:  Judicial Action</u>

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.